NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION** at **LEXINGTON**

CIVIL ACTION NO. 07-CV-164-JMH

TROY WATTS,                                                   PETITIONER,

VS:                          **MEMORANDUM OPINION AND ORDER**

STEPHEN M. DEWALT, Warden,                                   RESPONDENT.

\* \* \* \* \*

Troy Watts, an individual presently confined at the Federal Medical Center (FMC) in Lexington, Kentucky, has submitted a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the $5.00 District Court filing fee.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). During screening, the allegations in the petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). As Petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

<u>CLAIMS</u>

The petitioner claims that the Bureau of Prisons ("BOP") is computing his good conduct time credits such that he will have to serve more than the 85% of his sentence which the Court had promised him in exchange for his guilty plea.  This purportedly violates his due process rights.

<u>ALLEGATIONS OF THE PETITION</u>

The petitioner has submitted a petition with attachments [Record No. 1], which reveal the following information.

The petitioner pled guilty to a narcotics conspiracy in the United States District Court for the Northern District of Illinois, No. 96-CR-290-2, and was sentenced to 292 months' imprisonment.  He attaches two pages of the transcript of his plea hearing, wherein the Court explained to him that there is no longer a parole board nor the possibility of release after serving 2/3 of his sentence. Instead, the petitioner would be sentenced under guidelines which the Court described as differing from the prior law:

> THE COURT:  But these guidelines are totally different.  There's no parole board.  And so on that same three-year sentence all you could earn would be 54 days a year.  Do you understand that?
> THE DEFENDANT:  Yes, ma'am.
> THE COURT:  That's 162 days out of a three-year sentence.  Do you understand that?
> THE DEFENDANT:  Yes, ma'am.
> THE COURT:  Putting it another way, you end up doing 85 percent of whatever time you get under the guidelines. Are you following me?
> THE DEFENDANT:  I understand, ma'am.
> THE COURT:  Do you have any questions about the guidelines or anything that you don't understand?

2

    THE DEFENDANT:  No, ma'am.
    THE COURT:  Has anyone forced you in any way to
plead guilty?
    THE DEFENDANT:  No, ma'am.

Attachment #1.  At some point after his sentencing, the petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel, but the motion was denied in 2000.

In his current § 2241 petition, Petitioner claims that he has just been made aware that he will not serve 85% of his sentence, as promised.  Under the BOP computation, he will serve 87% of his sentence, as he is entitled to a maximum of only 1,144 days statutory good conduct time ("GCT") at the rate of 54 days per year, which results in a projected release date of October 25, 2017.  Under his computation of 85% of the total sentence, however, he is entitled to a total of 1,296 days of GCT, and an earlier release.

The petitioner sought a recalculation of his GCT through the BOP's administrative remedy process, and he attaches the documents which were exchanged as he pursued that process.  Administrative Remedy No. 429685.  These attachments show that the BOP's position was that Watts' GCT credits have been calculated according to Congress' statutory mandate, 18 U.S.C. § 3624(b), and its own policy interpreting the statute, BOP Program Statement ("P.S.") 5880.28, Sentence Computation Manual.

Having exhausted the BOP administrative process, Watts has now asked this Court to order the BOP to adjust his sentence computation to honor the "promise/agreement" made to him at his plea hearing for him to serve just 85%, not 87%, of his sentence.

<u>DISCUSSION</u>

18 U.S.C. § 3624(b), the statute wherein Congress has provided good conduct time (GCT) for prisoners, reads as follows:

> (b) Credit toward service of sentence for satisfactory behavior.
> (1) ... [A] prisoner who is serving a *term of imprisonment* of more than 1 year ... may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's *term of imprisonment*, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations . . . . [I]f the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate.  Credit that has not been earned may not later be granted. . . . [C]redit for the last year or portion of a year of the *term of imprisonment* shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b) (emphasis added).

The Court is familiar with the statute and the petitioner's arguments about the construction of the words "time of imprisonment."[1]  Briefly stated, the petitioner contends that by

---

[1] *See, e.g., Loftis v. Booker*, Lexington 05-CV-271-JMH; *Brown v. Booker*, Lexington 04-CV-486-KSF.

using the phrase "term of imprisonment," an unambiguous term of art used elsewhere in the legislation, Congress means "the sentence imposed" by the sentencing Court; therefore, he is entitled to the length of his sentence in years, multiplied by 54 days.

However, the BOP has interpreted the same statutory language to mean "the time actually served," and under the BOP's interpretation, a prisoner's annual award is less because an inmate will not actually serve his full sentence in any year if he earns GCT for that year. In addition to drafting and following P.S. 5880.28, the BOP has also formally promulgated a regulation, 28 C.F.R. § 523.20, to reflect its interpretation of "term of imprisonment" in the statute to mean "time actually served." Grounded in the words of the statute, the regulation provides for the § 3624(b) award, as follows:

> [A]n inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year.

28 C.F.R. § 523.20.

In recent years, the BOP's method of calculating prisoners' good conduct time under these authorities has been challenged in numerous courts. In addition to the cases footnoted above, *Petty v. Stine*, London Civil Action No. 05-CV-063-DCR, another § 2241 habeas proceeding arising in this Court, warrants particular consideration, because the appellate court in this circuit affirmed

5

the ruling of the Court as to the correctness of the method by which the BOP calculates good time credits.

In *Petty v. Stine*, the petitioner raised the same claim that the BOP's calculation method deprives federal prisoners of several days of good time credit per year. After careful evaluation of the issue, the District Court noted that

> a number of reported and unreported cases have upheld the BOP's method of calculating good time credits and have rejected the petitioner's arguments. *See Perez-Olivo v. Chavez*, 394 F.3d 45 (1st Cir. 2005) (noting that "the Sixth Circuit has also upheld the BOP's method of calculation in two unpublished opinions"); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1271 (9th Cir. 2001); *Moore v. Bureau of Prisons*, 2004 U.S. Dist. LEXIS 23272, (S.D. N.Y. Nov. 17, 2004); *Young v. Ashcroft*, 2004 U.S. Dist. LEXIS 24305 (D. Or. Nov. 16, 2004); *Sash v. Zenk*, 344 F. Supp. 2d 376 (E. D. N.Y. 2004); *Graves v. Bledsoe*, 334 F. Supp. 2d 906, 908 (W.D. Va. 2004).

*See Petty*, 05-CV-63-DCR, Record No. 4 at pp. 2-3. The Court also cited to two unpublished decisions of this circuit wherein the Sixth Circuit had already upheld the BOP's method of calculation. *Brown v. Hemingway*, 53 Fed. Appx. 338 (6th Cir. 2002), and *Williams v. Lamanna*, 20 Fed. Appx. 360 (6th Cir. 2001). Accordingly, upon screening, this Court rejected Petitioner Petty's claim and dismissed his § 2241 cause of action.

On September 21, 2005, the Sixth Circuit affirmed the Court's dismissal of Petty's habeas petition in a succinct, published opinion. *Petty v. Stine*, 424 F.3d 509 (6th Cir. 2005), *cert. denied*, 126 S.Ct. 2862 (2006). The appellate court stated as follows:

6

> We affirm the district court's judgment. The BOP's
> interpretation of the statute is reasonable. *Brown v.
> Hemingway*, No. 02-1948, 2002 WL 31845147, at *1 (6th Cir.
> Dec.16, 2002) (unpublished); *see also Williams v.
> Lamanna*, No. 01-3198, 2001 WL 1136069, at *1 (6th Cir.
> Sept. 19, 2001) (unpublished). For further discussion,
> *see Yi v. Fed. Bureau of Prisons*,[2] 412 F.3d 526 (4th Cir.
> 2005) (unpublished); *O'Donald v. Johns*, 402 F.3d 172,
> 173-74 (3d Cir. 2005); *Perez-Olivio v. Chavez*, 394 F.3d
> 45, 47-54 (1st Cir.2005); and *White v. Scibana*, 390 F.3d
> 997, 999-1003 (7th Cir. 2004), *cert. denied*, --- U.S.
> ----, 125 S. Ct. 2921, 162 L. Ed.2d 297 (2005) (all
> upholding the BOP interpretation).

*Petty v. Stine*, 424 F.3d at 510.

To date, this Court has applied the Sixth Circuit's *Petty*
decision to uphold the BOP's method of calculating GCT in eight
decisions. *See e.g., Freeman v. U.S. Bureau of Prisons*, 06-CV-167-
HRW, now reported in Westlaw, 2007 WL 204004 (E.D.Ky. 2007) (slip
op.); *Eschman v. Federal Bureau of Prisons,* 05-CV-443-JBC, 2006 WL
436007 (E.D. Ky. 2006); *Butler v. Samuels*, 05-CV-578-DCR, 2005 WL
3440483 (E.D. Ky. 2005).

Other courts and petitioners have used the same "85%" language
with the same results. The reference evidently springs from a 1995
quotation of Senator Joseph Biden, who stated, in part,

> . . . In the Federal courts, if a judge says you are
> going to go to prison for 10 years, you know you are
> going to go to prison for at least 85 percent of that
> time--8.5 years, which is what the law mandates. You can

---

[2] When the Fourth Circuit was presented with the issue, that appellate
court found that the BOP's interpretation of the statute was reasonable and
noted that "no circuit court which has addressed this issue" has agreed with
the prisoner's interpretation of the statute. *Yi v. Federal Bureau of
Prisons*, 412 F.3d at 531 (citing cases from the Seventh, Third, First, and
Ninth Circuits).

> get up to 1.5 years in good time credits, but that is
> all. And we abolished parole. So you know you'll be in
> prison for at least 8.5 years.

141 Cong. Rec. S2348-01, S2349 (Feb. 9, 1995). This description of

the law mirrors the trial court's outline of the law of sentencing

under the guidelines.

Courts have found that such a statement is not an after-the-

fact statement of the Congress's intent to prefer the 15% GCT

calculation, "but instead can be read to indicate 'a shorthand

reference to the fact that the statute permits a prisoner to

receive GCT credit based on 15% of the prisoner's time served (54

days divided by 365 days).'" *Perez-Olivo v. Chavez*, 394 F.3d at 51

(quoting from *Loeffler v. Bureau of Prisons*, 2004 WL 2417805

(S.D.N.Y. 2004)).

As another district court has pointed out, the statute itself

references no requirement that inmates serve only 85% of their

sentence. On its face 18 U.S.C. § 3624(b) permits a maximum award

of 54 days of GCT per year, and the BOP awards federal prisoners up

to 54 days per year, at the end of each year served. *Minuto v.*

*Wendt*, 2005 WL 1330539 (N.D.W.Va. 2005) (not reported in

F.Supp.2d). The instant petitioner's percentage argument based on

time not yet served adds no new dimension to the calculation

debate.

To the extent that the petitioner frames the issue as one

based on a "promise/agreement" which is being breached, he must bring the matter before the court purportedly making the promise. He may not use a 28 U.S.C. § 2241 proceeding, as herein, unless he can prove that his remedy by a § 2255 motion to the trial court to vacate, alter, or amend the judgment is inadequate or ineffective to challenge the legality of his detention. *See* 28 U.S.C. § 2255, ¶ 5; *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999) (discussing "inadequate and ineffective"); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003) (discussing requirement of alleging "actual innocence," based on an intervening U.S. Supreme Court decision).

The standard for demonstrating the inadequacy and ineffectiveness of a prisoner's remedy via a § 2255 motion to the trial court is a high one under *Charles* and *Martin*, one which, in the opinion of this Court, Petitioner Watts has not met. He has not shown the inadequacy or ineffectiveness of a § 2255 motion; he has not alleged actual innocence; and he has not relied on an intervening Supreme Court case which interprets the statute under which the prisoner was convicted such that his conduct is not criminal. Moreover, Watts could have presented his theory about supervised release in a § 2255 motion. Having had an adequate opportunity to assert the instant mathematical claim for the past 10 years and having failed to do so, Petitioner may not proceed to do so under this Court's § 2241 jurisdiction.

Consistent with the foregoing, the Court will deny the instant

9

petition and dismiss Petitioner Watts' cause of action, with prejudice.

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Troy Watts' instant petition for writ of habeas corpus is **DENIED**;

(2) the action herein will be **DISMISSED**, *sua sponte*, from the docket of the Court, and Judgment shall be entered contemporaneously with this memorandum opinion and order in favor of the respondent.

This the 19th day of June, 2007.



**Signed By:**

*Joseph M. Hood*

**United States District Judge**